IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH KLEMENTS and )
JANICE KLEMENTS, )
  )
  )
      Plaintiffs, )
  )
  v. ) Civil Action No. 06-0464
  )
CECIL TOWNSHIP, et al., )
  )
      Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster,                                                                         July 27, 2006
District Judge.

      This is an action in civil rights. Plaintiffs, Mr. and Mrs. Klements, allege that Cecil Township, through its supervisors and police, have violated their constitutional rights by towing vehicles from their property. Plaintiffs also allege that such actions constitute an invasion of privacy, a trespass, and an intentional interference with economic opportunities under Pennsylvania law. Plaintiffs seek monetary relief and an injunction setting forth the procedures that the Township must follow in the future before towing vehicles from their business premises.

      Defendants have filed a motion to dismiss and/or stay the proceedings [doc. no. 4] in which they present numerous arguments supporting both dismissal and a stay of this case. Defendants argue that we should dismiss the claims because: (1) they are precluded by a consent decree entered in 1997 by the Court of

Common Pleas of Washington County, Pennsylvania; (2) they fail to state a claim; and (3) defendants enjoy immunity from suit under Pennsylvania statute.  Defendants argue that we should stay the case because: (1) a first-filed state court action will have preclusive effect on this suit; (2) <u>Younger</u> abstention applies; and (3) <u>Pullman</u> abstention applies.

However, we reach none of defendants' arguments because we find it appropriate to abstain from proceeding with this case under the <u>Colorado River</u> doctrine.  Therefore, we will stay this case pending resolution of the parallel state court proceeding.  In doing so, we will require periodic reporting from the parties regarding the status of that case in order to ensure that the balance of factors continues to weigh in favor of our finding of exceptional circumstances.

I.   <u>BACKGROUND</u>

These parties enjoy a long history of litigation.  It begins in 1997, when the Township filed a complaint in the Court of Common Pleas of Washington County, Pennsylvania in January of 1997 to enjoin Mr. Klements's operation of an "unlawful junkyard" on his property in Hendersonville.  The court entered a consent order in September of 1997 setting forth the conditions under which Mr. Klements would be permitted to run his automotive repair shop on that property.  In simple terms, the order

required that vehicles on the property must have current registrations and inspections and be the subject of a valid work order.  Vehicles without current registrations or inspections could be stored for a limited time under some circumstances.  Regardless, all vehicles had to be stored behind a fence.

Several contempt proceedings were brought to enforce that 1997 consent order in the Court of Common Pleas, the last of which resulted in a March 28, 2002 Memorandum and Order issued by Judge Gladden.  In that opinion, Judge Gladden clarified the procedures related to removal of vehicles.  The order required that the Township provide plaintiffs with a "written notice of violation" and an opportunity to cure prior to towing any vehicle.  The order also absolutely prohibited the storage of unregistered or unlicensed vehicles on the property, even though such vehicles could be stored on the property for a limited time under the 1997 consent order.  The court retained jurisdiction to enforce the order.

On appeal, the Commonwealth Court of Pennsylvania found that Judge Gladden's prohibition on the storage of unregistered or unlicensed vehicles was an unauthorized modification of the 1997 consent order.  Therefore, the Commonwealth Court reversed that portion of the March 28, 2002 order.  The remainder of the March 28th order, including the removal procedure of a "written notice of violation" followed by an opportunity to cure, was upheld on

appeal.

However, Judge Gladden's and the Commonwealth Court's clarification of vehicle storage and removal procedures could not stem the tide of litigation. In 2004, the Klements filed a civil complaint against the Township in the Court of Common Pleas of Washington County, Pennsylvania. In it, they alleged that the Township had violated their civil rights by engaging in a continuous course of conduct of removing vehicles from their property without prior inspection of work orders, in violation of the 1997 consent order. The Klements sought relief for the constitutional violations under 42 U.S.C.A. § 1983, and also asserted state law causes of action sounding in invasion of privacy and trespass. They sought monetary damages. That action is currently pending.

But even one lawsuit accusing the Township of violating the 1997 consent order was not enough, and in 2006, the Klements filed the instant case. In the complaint, much of which tracks the allegations of the 2003 state court case complaint verbatim, the Klements allege that the Township violated their civil rights by removing vehicles from their property without prior inspection of work orders. The Klements seek relief for the constitutional violations under 42 U.S.C.A. § 1983, and also assert state law causes of action sounding in invasion of privacy, trespass, and "intentional interference with economic opportunities." They ask

for monetary damages and "injunctive relief to halt further summary tows without a prior inspection, specific notice of violation, opportunity to cure and/or meaningful hearing before a neutral judicial officer if violation is disputed." Comp. at ¶ 19.

II.   STANDARD OF REVIEW

The Supreme Court has recognized several types of abstention: Pullman abstention, Burford abstention, Younger abstention, and Colorado River abstention. Abstention acknowledges "that certain matters are of state concern to the point where federal courts should hesitate to intrude; and...may also concern judicial 'economy,' the notion that courts should avoid making duplicate efforts or unnecessarily deciding difficult questions." Chiropractic Am. v. Lavecchia, 180 F.3d 99, 103 (3d Cir. 1999).

Colorado River abstention gives a district court discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in state court. Colorado River Eater Conservation Dist. v. United States, 424 U.S. 800, 818-20 (1976); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Under the doctrine, a federal court may decline to exercise its jurisdiction in exceptional circumstances based on considerations of wise judicial administration, giving regard

to conservation of judicial resources and comprehensive disposition of litigation. <u>Colorado River</u>, 424 U.S. at 819-20.

III. <u>DISCUSSION</u>

The threshold question under <u>Colorado River</u> is whether there is a parallel state proceeding. <u>IFC Interconsult, AG v. Safeguard International Partners, LLC</u>, 438 F.3d 298, 306 (3d Cir. 2006). We must examine the relationship between the parties and the claims to determine whether the cases are parallel. <u>Chiropractic Am.</u>, 180 F.3d at 115. We conclude that the pending state court action and the instant case are parallel.

The parties are the same. In both cases Mr. and Mrs. Klements have sued Cecil Township, its supervisors, and its police. There are no allegations in either complaint that any of the named individuals engaged in actions separate and apart from those taken in their official capacities as supervisors or police officers of Cecil Township. Therefore, the fact that the individual members of the governmental bodies through which the Township is accused of acting may be different in the two cases is irrelevant. Regardless, our Court of Appeals has never required complete identity of parties for abstention. <u>IFC</u>, 438 F.3d at 306 (citations omitted).

The claims are the same. Much of the complaint filed in this case tracks the allegations of the complaint filed in the

6

2003 state court case verbatim.  In both actions the Klements allege that the Township violated their civil rights by removing vehicles from their property without prior inspection of work orders.  In both actions the Klements seek relief for the constitutional violations under 42 U.S.C.A. § 1983, and also assert state law causes of action sounding in invasion of privacy and trespass.  In both actions plaintiffs seek monetary damages to remedy their alleged harms.

The differences that do exist between the two actions do not foreclose a finding that the actions are parallel.  The court can identify only five differences between the complaint in the currently pending state court action and the complaint in this action.  In this case: (1) plaintiffs seek injunctive, as well as monetary, relief to remedy the constitutional violations; (2) plaintiffs detail a specific incident in February of 2006 in which vehicles were towed without prior inspection of work orders; (3) plaintiffs allege that the 2006 towing was in retaliation for them having filed the 2004 state court case; (4) plaintiffs allege that vehicles belonging to them were removed from adjacent properties; and (5) plaintiffs allege that a letter sent by the Township to the owners of vehicles that had been towed constituted "intentional interference with economic opportunities".  Even with these minor differences, the proceedings are still parallel.

As summarized above, in this case plaintiffs' seek an injunction "to halt further summary tows without a prior inspection, specific notice of violation, opportunity to cure and/or meaningful hearing before a neutral judicial officer if violation is disputed." However, the Rooker-Feldman doctrine would prevent us from granting the injunctive relief sought, and therefore, this prayer for relief does not prevent the actions from being parallel. It is well-settled that federal district courts lack jurisdiction to review state court decisions even in the face of allegations that the state court's actions were unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

The March 28th order set forth a specific removal procedure to be followed for all future tows from plaintiffs' property, i.e., written notice followed by an opportunity to cure. The order does not speak specifically to inspection of work orders, as does the 1997 consent order, but instead appears to contemplate that the burden will be on plaintiffs to come forward with the work orders once they receive the required notice of violation. Plaintiffs are now alleging that the burden is, or should be, on defendants to seek out those work orders before towing. Resolution of this issue, and provision of the relief sought, would require this federal court to review, interpret,

and possibly modify, the state court's 1997 and 2002 orders. We have no jurisdiction to do so. Therefore, this difference is without consequence to our determination of whether the two actions are parallel.

The fact that plaintiffs refer to a specific incident in February of 2006 in which vehicles were allegedly unlawfully towed is similarly without consequence. The facts regarding that incident are the same as the "course of conduct" complained of in the state court complaint. The fact that a "notice of violation" that was sent prior to the 2006 towing has no effect on our decision. As discussed above, we could not rule on the propriety of that procedure under the Rooker-Feldman doctrine.

Although plaintiffs' federal court complaint contains allegations of retaliation and removal of vehicles from adjacent properties, and a claim for intentional interference with economic opportunities that are not included in the state court complaint, these differences also do not prevent us from finding that the proceedings are parallel. All of these claims are intertwined with the allegations of the state court complaint. For instance, if the removal procedure was proper under Judge Galdden's clarification opinion and/or the 1997 consent order, then it cannot have been done in retaliation for plaintiffs having filed the state court complaint. Similarly, whether the removal procedure was proper as to vehicles located on

plaintiffs' property will have a substantial effect on determining whether the procedure was proper as to vehicles located on adjoining property. Likewise, the propriety of the removal procedure under the state court's 1997 and 2002 orders will, in turn, affect the viability of plaintiffs' intentional interference claim. If the procedure is deemed appropriate, plaintiffs' interference claim will be highly suspect. These differences actually support our conclusion that the claims in the two actions are parallel.

However, our determination that the proceedings are parallel does not end the analysis. Rather, we must determine whether this case involves exceptional circumstances, warranting abstention. The relevant factors we must consider with regard to the exceptional circumstances inquiry are: (1) which court first assumed jurisdiction over a relevant property, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Spring City Corp. V. Am. Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999); Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997). Upon careful consideration, we find that each of these factors weighs in favor of abstaining.

<u>Factor #1</u>: Although this is not a dispute regarding the ownership of property, the state court has had jurisdiction over the proper use of the Klements' property for nearly ten years. This factor weighs in favor of our abstaining until the state court case is concluded.

<u>Factor #2</u>: The convenience of the federal court weighs in favor of abstention. This is a local dispute between a landowner in Washington County, Pennsylvania, and a political subdivision of that County. The parties have litigated their dispute in the County Courthouse for years. Although the federal court is not unreasonably far from Washington County, under the circumstances, to require a small township's officials to regularly travel here, in addition to litigating in Washington County, would be inconvenient.

<u>Factor #3</u>: Abstention would avoid piecemeal litigation. Although this factor is never determinative, it weighs heavily in favor of abstention in this case. This case is nearly identical to the currently pending state court case. The complaint filed in this court is largely a verbatim recitation of the complaint filed in state court. To litigate whatever portions of this action that would remain viable under the <u>Rooker</u>-<u>Feldman</u> doctrine, while the state court action was pending, would result in protracted and disjointed litigation procedures and judgments.

Factor #4: The fact that the state court first obtained jurisdiction over this dispute years ago weighs heavily in favor of abstention. The state court has almost continuously been addressing disputes between these parties about Mr. Klements' use of his land for almost ten years. The state court has had jurisdiction over the propriety of the Township's removal procedures under the 2002 order for at least two years. We see no reason for the federal court to become embroiled at this late date in what is obviously a local dispute, best resolved by the state court that has had jurisdiction over these parties for years.

Factor #5: Both federal and state law apply in this case. Notably, however, the federal claim is dependant on interpretation of a state court order. The section 1983 claim will not exist if defendants are found to have been in compliance with the state court's 1997 and 2002 orders. Also, notably, Congress have given state courts concurrent jurisdiction over section 1983 claims. Martinez v. California, 444 U.S. 277, 283 at n.7 (1980). This factor weighs in favor of abstention.

Factor #6: We find that the state action is adequate to protect plaintiff's rights. As evidence of this fact, we point out that plaintiffs originally chose to bring their section 1983 case in state court. Further, we independently find that the state court is more than sufficiently equipped to determine the

appropriateness of defendants' removal procedures, which, in turn, will affect whether a constitutional violation has occurred. The state court has devoted much time and attention to this matter, has held numerous hearings, and has produced well thought out and detailed decisions over there years. There have been no allegations, or evidence, of unfairness, or inability on the part of the state court. This factor weighs in favor of abstention.

IV.   CONCLUSION

Because the state court proceeding and this case are parallel, and because the exceptional circumstances factors weigh in favor of abstention, we will abstain under Colorado River. This case is stayed pending resolution of the state court proceeding.

Defendants' motion to dismiss is denied, without prejudice. When the time comes to lift the stay, the court will then consider any arguments attacking the viability of plaintiffs' complaint that remain relevant.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH KLEMENTS and )
JANICE KLEMENTS, )
  )
     Plaintiffs, )
  )
v. ) Civil Action No. 06-0464
  )
CECIL TOWNSHIP, et al., )
  )
     Defendants. )

## ORDER

AND NOW, this 27th day of July, 2006, upon consideration of defendant's motion to dismiss and/or stay [doc. no. 4], IT IS HEREBY ORDERED that defendants' motion to dismiss is DENIED, without prejudice.

IT IS FURTHER ORDERED that this action will be stayed pending resolution of the case captioned <u>Klements v. Cecil Township</u>, No. 2003-6361 currently pending before the Court of Common Pleas of Washington County, Pennsylvania. The parties are directed to file a joint report with this court every six months indicating the status of that matter. The first such report shall be due within six months of the entry of this order on the court's docket.

IT IS FURTHER ORDERED that Defendants' motion to stay is MOOT.

BY THE COURT:

/s/ signature

cc: All Counsel of Record