IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH KLEMENTS and )
JANICE KLEMENTS, )
 )
Plaintiffs, )
 )
v. )
 )
CECIL TOWNSHIP, LILLIAN VERES, )
KEVIN CAMERON, PHYLLIS ) Civil Action No. 06-0464
ZACCARINO, THOMAS A. CASCIOLA, )
and MIKE DEBBIS, individually )
and in their capacity as the )
CECIL TOWNSHIP SUPERVISORS, )
CHIEF JOHN T. PUSHAK, )
individually and in his )
capacity as the CECIL TOWNSHIP )
POLICE CHIEF, )
 )
Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster, June 26, 2009
District Judge.

This is an action in civil rights. Plaintiffs, Joseph and Janice Klements, allege that defendants, Cecil Township ("the Township"), Township supervisors (Lillian Veres, Kevin Cameron, Phyllis Zaccarino, Thomas Casciola and Mike Debbis) and the Township Chief of Police John T. Pushak, violated the Fourth, Fifth, Ninth and Fourteenth amendments to the United States Constitution in violation of 42 U.S.C. § 1983 when they towed cars from plaintiffs' property. Plaintiffs also allege that defendants are liable, pursuant to Pennsylvania law, for invasion of privacy, trespass, and intentional interference with economic opportunities.

Plaintiffs seek money damages and an injunction.

Defendants have filed a motion for summary judgment [doc. no. 21]. Defendants argue, inter alia, that this action is barred by a state court's judgment against plaintiffs on virtually identical claims. For the reasons set forth below, this court agrees, and will grant defendants' motion.

I. BACKGROUND

Unless noted otherwise, the following facts are not in dispute.

On January 15, 1997, the Township filed a complaint in equity in the Court of Common Pleas of Washington County, Pennsylvania to enjoin plaintiffs' alleged operation of a junkyard in violation of a Township ordinance. In September of 1997, the state court entered a negotiated consent order setting forth the conditions under which plaintiffs would be permitted to run their automotive repair shop on the property. The order required that vehicles on the property must have current registration, inspections and be the subject of a valid work order. Vehicles without current registrations or inspections could be stored for no longer than ninety (90) days under some circumstances. Regardless, all vehicles had to be stored behind a fence.

The Township brought several contempt proceedings to enforce the consent decree in the Court of Common Pleas. On March 28, 2002 the

state court issued a Memorandum and Order. In that opinion, the court clarified the procedures related to removal of vehicles. The order required the Township to provide plaintiffs with a "written notice of violation" and an opportunity to cure prior to towing any vehicle. The order also absolutely prohibited the storage of unregistered or unlicensed vehicles on the property, even though such vehicles could be stored on the property for a limited time under the 1997 consent order. The court retained jurisdiction to enforce the order.

On appeal, the Pennsylvania Commonwealth Court found that the prohibition on the storage of unregistered or unlicensed vehicles was an unauthorized modification of the 1997 consent order. The Commonwealth Court, therefore, reversed that portion of the March 28, 2002 order. The remainder of the March 28 order, including the removal procedure of a "written notice of violation" followed by an opportunity to cure, was upheld on appeal.

In 2003, plaintiffs filed a civil complaint against the Township, Veres, Casciola and Pushak, in the Court of Common Pleas of Washington County, Pennsylvania.[1] In it, plaintiffs alleged that defendants had violated their civil rights by removing vehicles from their property without prior inspection of work orders. Plaintiffs

---

[1] Plaintiffs also filed suit against Jesse White, then a Cecil Township Supervisor, and "Lt. Ware individually and/or in his capacity as a Police Officer in the Cecil Township Police Department." [Doc. No. 24 at Exhibit 8]. Plaintiffs state court complaint did not assert causes of action against defendants Cameron, Zaccarino or Debbis.

asserted constitutional violations under 42 U.S.C. § 1983, and also asserted state law causes of action sounding in invasion of privacy and trespass. The relief they sought was money damages. On October 31, 2006, the Court of Common Pleas of Washington County, Pennsylvania granted defendants' motion for summary judgment. On November 5, 2007, the Pennsylvania Commonwealth Court affirmed the lower court's ruling. The Pennsylvania Supreme Court denied plaintiffs petition for allowance of appeal on June 5, 2008. Plaintiffs have not sought review by the United States Supreme Court.

In 2006, plaintiffs filed the instant case. In the complaint, much of which tracks the allegations of the 2003 state court case complaint verbatim, plaintiffs allege that defendants violated their civil rights by removing vehicles from their property without prior inspection of work orders. Plaintiffs seek relief for the constitutional violations under 42 U.S.C.A. § 1983, and also assert state law causes of action sounding in invasion of privacy, trespass, and "intentional interference with economic opportunities." They ask for money damages and "injunctive relief to halt further summary tows without a prior inspection, specific notice of violation, opportunity to cure and/or meaningful hearing before a neutral judicial officer if violation is disputed." [Doc no. 1 at ¶ 19].

On July 27, 2006, this court stayed this matter on the basis of the pendency of a parallel state action pursuant to Colorado River abstention. See Colorado River Water Conservation Dist. v. United

States, 424 U.S. 800, 818-20 (1976). [Doc. No. 12]. This court directed the parties to file joint status reports every six (6) months to advise the court as to the status of the state court action. On September 17, 2008, after the Pennsylvania Commonwealth Court affirmed the order of the Court of Common Pleas for Washington County which granted defendants' motion for summary judgment and after the Pennsylvania Supreme Court denied plaintiffs' petition for allowance of appeal, this court entered a case management order. This matter is now ripe for disposition.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material

facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law.

It is on this standard that the court has reviewed defendants' motion and plaintiffs' response thereto.

## III. DISCUSSION

Defendants argue that plaintiffs' claims in this case are barred by collateral estoppel, res judicata and/or the Rooker-Feldman doctrine.[2] Alternatively, defendants argue that plaintiffs have failed to state a claim. Plaintiffs contend that none of these theories bar

---

[2]
> The Rooker-Feldman doctrine precludes a district court "from entertaining an action ... if the relief requested would effectively reverse a state court decision or void its ruling." Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 191 (3d Cir. 2006). Accordingly, "application of the Rooker-Feldman doctrine is necessarily limited to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (citation and internal quotation omitted).

their claims. Plaintiffs further argue that they have adduced sufficient evidence to proceed to trial. For the reasons set forth below, the court finds that plaintiffs' claims are barred by res judicata, more properly referred to as the doctrine of claim preclusion.

It is well established that "[w]hen a prior case has been adjudicated in state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment..." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 461 (3d Cir. 1996)(citation and internal quotation omitted). The court of appeals has observed that "[t]he preclusive effects of former adjudication have been discussed in varying and occasionally conflicting terminology over the past hundred years." In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002). The court of appeals has also noted that "[a]s the law developed, a distinction was made between 'pure' res judicata and what came to be known as collateral estoppel." Id. As the court explained "[u]nder the doctrine of res judicata, a judgment on the merits of a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Id. (citation and internal quotation omitted). By contrast, collateral estoppel applies in situations where "the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." Id. (citation and internal quotation omitted).

7

"The modern nomenclature for these two doctrines is 'claim preclusion' and 'issue preclusion.'" Id. Specifically, claim preclusion "refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. By contrast, issue preclusion "refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." Id. (citing New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). In cases brought pursuant to section 1983, the court must "apply the same preclusion rules as would the courts of that state." Id. Accordingly, Pennsylvania law applies.

In Urrutia, the court of appeals, applying Pennsylvania law, held that "a final judgment on the merits by a court of competent jurisdiction will bar any identical future action between the parties and their privies." Urrutia, 91 F.3d at 461. The court of appeals specifically noted that "[a]ll matters which might have been raised in the former suit as well as those that actually were raised are res judicata in a subsequent proceeding." Id. (emphasis added). Further, when "determining whether res judicata should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether

both actions seek compensation for the same damages." Id. (citing Hopewell Estates, Inc. v. Kent, 435 Pa.Super. 471, 476 (1994)).

Here, the issue is complicated by the fact that there are two (2) relevant, and final, state court judgments: (1) the consent decree entered by the Court of Common Pleas of Washington County, Pennsylvania after the defendants filed suit in equity against plaintiffs for violations of the municipal code in 1997; and (2) the 2006 judgment entered by the Court of Common Pleas of Washington County, Pennsylvania against plaintiffs in the 2003 civil complaint they filed against defendants.

Defendants argue that the 1997 consent decree prohibits plaintiffs from arguing that defendants' towing of the vehicles was unlawful pursuant to the doctrine of issue preclusion. Defendants also argue that the 2006 judgment against plaintiffs bars the relitigation of these claims. The court finds that, based upon the 2006 judgment entered against plaintiffs, the doctrine of claim preclusion bars plaintiffs' claims in the instant case.

There is no dispute that: (1) the parties are identical, or are in privity,[3] with the parties in the state court action; (2) the state court was competent to hear the dispute; and (3) its judgment is now final. We previously opined that the factual allegations in this

---

[3] Although Defendants Cameron, Zaccarino and Debbis were not parties to the state court action, they are sued in their capacity as Cecil Township Supervisors, which clearly places them in privity with the other defendants.

action are virtually identical to those contained in the state court action. Specifically:

> The claims are the same. Much of the complaint filed in this case tracks the allegations of the complaint filed in the 2003 state court case verbatim. In both actions the Klements allege that the Township violated their civil rights by removing vehicles from their property without prior inspection of work orders. In both actions the Klements seek relief for the constitutional violations under 42 U.S.C.A. § 1983, and also assert state law causes of action sounding in invasion of privacy and trespass. In both actions plaintiffs seek monetary damages to remedy their alleged harms.

Memorandum and Order, [doc. no. 12] at page 6-7. In addition, plaintiffs conducted no discovery in this case. Thus, it appears clear that plaintiffs believe that the same evidence supports both actions. In short, the parties, factual allegations, and money damages sought are identical in both plaintiffs' state and federal complaints. Certainly, there are distinctions between the two cases. Specifically, plaintiffs here seek injunctive relief and have also pled a cause of action for "intentional interference with economic opportunities. Although plaintiffs did not pursue these claims in state court, they could have. Accordingly, the doctrine of claim preclusion bars all plaintiffs claims and defendants' motion for summary judgment will be granted. An appropriate order follows.[4]

---

[4] In light of the court's conclusion that plaintiffs' case must be dismissed pursuant to the doctrine of claim preclusion, it is unnecessary to address defendants' additional arguments in support of their motion for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH KLEMENTS and )
JANICE KLEMENTS, )
 )
    Plaintiffs, )
 )
    v. ) Civil Action No. 06-0464
 )
CECIL TOWNSHIP, LILLIAN VERES, )
KEVIN CAMERON, PHYLLIS )
ZACCARINO, THOMAS A. CASCIOLA, )
and MIKE DEBBIS, individually )
and in their capacity as the )
CECIL TOWNSHIP SUPERVISORS, )
CHIEF JOHN T. PUSHAK, )
individually and in his )
capacity as the CECIL TOWNSHIP )
POLICE CHIEF, )
 )
    Defendants. )

## ORDER

AND NOW, this 26 day of June, 2009, upon consideration of defendants' motion for summary judgment, [doc. No. 21], IT IS HEREBY ORDER THAT the motion is GRANTED. Judgment shall be entered in favor of defendants. The Clerk of Courts is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record